Claudia **CARVER,** Plaintiff,

v.

**WALKER CHEVROLET–OLDSMOBILE COMPANY, INC.,** Defendant.

**Civil Action No. CV296–190.**

United States District Court, S.D. Georgia, Brunswick Division.

July 8, 1997.

David R. Osborne, Brunswick, GA, for plaintiff.

Terry Lee Readdick, Richard K. Strickland, Whelchel, Brown, Readdick & Bumgartner, Brunswick, GA, for defendant.

### ORDER

ALAIMO, District Judge.

Plaintiff, Claudia Carver ("Carver"), brings this action pursuant to 42 U.S.C. § 2000e, *et seq.* against Defendant, Walker Chevrolet–Oldsmobile Company, Inc. ("Walker"), claiming that she suffered sexual harassment while employed with Walker.[1] Currently before the Court is Walker's Motion for Summary Judgment pursuant to Rule 56 of the

---

1. Carver also brings pendant claims for assault, battery, and intentional infliction of emotional distress under Georgia law. Those claims, however, are not at issue at this stage.

Federal Rules of Civil Procedure. For the following reasons, Walker's motion will be **DENIED**.

### FACTS

Carver claims that she was sexually harassed while working at Walker. The vital facts at this stage of the case, however, deal with the procedural aspects of Carver's filing an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), rather than the substantive aspects of the alleged discrimination. Carver was employed with Walker until May 22, 1 995. Shortly after leaving her employment, Carver sought the advice of Roy Boyd ("Boyd"), an attorney located in Brunswick, Georgia. Boyd informed Carver that she had 180 days from May 22, 1995, within which to file an administrative charge with the EEOC. The last day for Carver to file her administrative charge, therefore, was on November 19, 1995.

Carver first attempted to contact the EEOC by telephone on November 14, 1995, but had no success in reaching anyone in the Savannah EEOC office.[2] Thus, Carver drove to Savannah on November 16, 1995, only to discover that Savannah's EEOC office was closed due to a temporary shut down of several government offices. On November 17, 1995, Carver drove to Brunswick, Georgia to request the assistance of Lloyd X. Smith & Associates, a labor and employment consulting firm in Brunswick, Georgia.[3] On that date, Lloyd X. Smith sent via facsimile a memorandum to Marvin Frazier ("Frazier"), the Local Director of the EEOC office in Savannah, stating

> On Thursday, November 16, 1995, Claudia B. Carver attempted to file a discrimination charge against her former employee [sic], Walker Chevrolet, for sexual harassment and age discrimination.
>
> She was unable to do so because of the temporary shut down of certain government services. However, she would like to

have her charge acknowledged as having been received on November 16, 1995.

> According to the dates indicated to us by Ms. Carver, her 180 days ends on or about November 19, 1995. For the record, she attempted to file her action with your office November 16, 1995, but was unsuccessful.

(Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. A.)

In response to a telephone message left by Carver, Frazier telephoned Carver on or about December 4, 1995, in order to discuss her EEOC charge. During that telephone conversation, Frazier acknowledged receiving Smith's memorandum and notified Carver that her EEOC administrative charge was deemed filed on November 17, 1995. (See Marvin C. Frazier Aff. ¶ 5.) On December 21, 1995, Frazier's office mailed Carver a perfected charge, which Carver signed and returned, and which was received by the EEOC on December 26, 1995. Carver received a Right to Sue letter dated August 27, 1996, from the EEOC and filed this action on November 26, 1996.

### DISCUSSION

#### I. Summary Judgment

Summary judgment requires the movant, Walker, to establish the absence of genuine issues of material fact, such that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Lordmann Enters., Inc. v. Equicor, Inc.*, 32 F.3d 1529, 1532 (11th Cir.1994), *cert. denied*, —— U.S. ——, 116 S.Ct. 335, 133 L.Ed.2d 234 (1995). After the movant meets this burden, "the non-moving party must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." *Howard v. BP Oil Co., Inc.*, 32 F.3d 520, 524 (11th Cir.1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The non-moving party to a summary judgment motion need make this showing only after the moving party has

---

**2.** Carver waited until November, 1995, to contact the EEOC because she claims to have suffered "several bouts with depression while debating whether to proceed with [her] complaint to [the] EEOC." (Claudia Carver Aff. ¶ 4.)

**3.** Carver was familiar with this labor and employment consulting firm as a result of her participating as a witness in another case in which Lloyd X. Smith & Associates was involved.

satisfied its burden. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

The court should consider the pleadings, depositions and affidavits in the case before reaching its decision, Fed.R.Civ.P. 56(c), and all reasonable inferences will be made in favor of the non-movant. *Griesel v. Hamlin*, 963 F.2d 338, 341 (11th Cir.1992). Additionally, a "court need not permit a case to go to a jury ... when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible'." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir.1996). Furthermore, when the evidence is only circumstantial, summary judgment may be granted when a court "concludes that no reasonable jury may infer from the assumed facts the conclusions upon which the non-movant's claim rests." *Id.*

## II. *Administrative Charge*

■ The dispute between the parties in this case is whether Carver's administrative charge should be deemed filed on November 17, 1995, or on December 26, 1995. Walker contends that Carver did not file her official, signed administrative charge with the EEOC until December 26, 1995, and, for that reason, failed to exhaust her administrative remedies in a timely manner prior to filing this judicial action. Walker also claims that Carver is bound by her "judicial admission" that her charge was not filed until December 22, 1995. (Def.'s Br. in Supp. of Mot. for Summ. J. at 3 (citing Compl. ¶ 2).)[4] Conversely, Carver contends that her administrative charge was filed in a timely manner on November 17, 1995, when Smith sent the memorandum via facsimile to Frazier.

Title VII of the Civil Rights Act of 1964 provides that "[a] charge [of discrimination] shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred...." 42 U.S.C. § 2000e–

5(e)(1). The federal regulation implementing that statutory section requires certain information to be included within the charge of discrimination in order for the charge to be effective. 29 C.F.R. § 1601.12(a). The required information includes

(1) The full name, address and telephone number of the person making the charge ...;

(2) The full name and address of the person against whom the charge is made, if known (hereinafter referred to as the respondent);

(3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices ...;

(4) If known, the approximate number of employees of the respondent employer or the approximate number of members of the respondent labor organization, as the case may be; and

(5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency.

*Id.; see also Clark v. Johnson Controls World Servs., Inc.*, 939 F.Supp. 884, 888 (S.D.Ga.1996). The regulation also provides that

[n]otwithstanding the provisions of [1601.12(a)], a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allega-

---

**4.** Walker claims that Carver should be bound by her "judicial admission" that she filed her EEOC charge on December 22, 1995. That legal argument is well intended and might well be accepted if the Court operated in a code pleading system. However, the Court must construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. Furthermore, "all

pleadings shall be ... construed as to do substantial justice." *Id.* at 8(f). It would be unjust for the Court to bind Carver to the first paragraph of her Complaint, not the second paragraph as Walker inadvertently cites, which states that she filed her charge on December 22, 1995. The facts of this case reveal that Carver actually contacted the EEOC in Savannah in a timely fashion.

**792**

tions made therein. Such amendments and amendments alleging additional action which constituted unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received. A charge that has been so amended shall not be required to be redeferred.

29 C.F.R. § 1601.12(b).

█ This Court has found that the protections afforded by. § 1601.12(b) "are available for claims filed by attorneys as well as claimants." *Clark,* 939 F.Supp. at 889. There is no sound reason why the protections should not also apply to an agent of a claimant who sends a charge in the form of a memorandum to the EEOC at the claimant's request. Additionally, defects in the administrative charge of discrimination, which are corrected through later filings, will not provide a basis to grant summary judgment in favor of the respondent employer when those defects are merely technical. *Id.*

In this case, Carver sought the assistance of a labor and employment consultant to assist her in meeting her deadline to file a charge of discrimination with the Savannah office of the EEOC. The memorandum sent via facsimile to the EEOC from Smith unequivocally failed to satisfy all of the criteria set forth in 29 C.F.R. § 1601.12(a), as it failed to list Carver's and Walker's addresses and telephone numbers. It also failed to include a clear and concise statement of the facts, including pertinent dates, constituting the alleged discriminatory treatment. Furthermore, it failed to list the number of employees at Walker, and failed to include a statement regarding whether any state or local proceedings related to this case have been filed. However, for the following reasons, the Court focuses not on the omissions

in Carver's original charge but, rather, focuses on the inclusions within that charge.

Notwithstanding that Smith's memorandum failed to satisfy each criterion listed in § 1601.12(a), that memorandum deserves the protection of § 1601.12(b) for two reasons. First, the memorandum included information sufficiently precise to identify the employee and the respondent employer. It also included a statement that Carver claimed violations of her civil rights due to sexual harassment and age discrimination. The memorandum also included the full name, address, and telephone number of Carver's agent, Lloyd X. Smith & Associates. The overarching purpose of filing an administrative charge is to trigger an investigation by the EEOC into the alleged discriminatory treatment, which was accomplished through Carver's charge in the form of a memorandum filed in November, 1995.

In this case, the EEOC had sufficient information to realize that a woman claimed to have suffered sexual harassment and age discrimination by her employer, an automotive dealership. The EEOC also was informed of the claimant's agent, who presumably could contact the claimant, if necessary. The EEOC unquestionably had enough information to begin an investigation, which it began when Frazier telephoned Carver on or about December 4, 1995. *See also EEOC v. Shell Oil Co.,* 466 U.S. 54, 68, 104 S.Ct. 1621, 1631, 80 L.Ed.2d 41, 56 (1984) (stating that the function of a Title VII charge is to place the EEOC on notice of potential violations of the states); *EEOC v. Mississippi College,* 626 F.2d 477, 483 (5th Cir.1980) (stating the general rule that charges filed with the EEOC must be liberally construed because claimants are normally unfamiliar with the "technicalities of formal pleadings" and normally are not assisted by an attorney), *cert. denied,* 453 U.S. 912, 101 S.Ct. 3143, 69 L.Ed.2d 994 (1981).[5]

**5.** Although Carver initially met with Boyd, an attorney, he apparently declined representation. Walker contends that Smith is an attorney and presumably that Smith understands the technicalities of pleadings. However, Carver denies that Smith is an attorney, but rather is an employment "consultant." (*See* Pl.'s Resp. to Def.'s S. of Material Facts as to Which There is Genuine Issue at 1.)

The Court accepts Carver's denial, and finds that Smith's letterhead represents that he is a consultant, rather than an attorney. It is peculiar, however, that Smith's letterhead also indicates that he consults in the area of "employment law," which is a categorization normally reserved for licensed attorneys.

Additionally, the Eleventh Circuit, in the *en banc* decision of *Bonner v. City of Prichard,* 661

Second, and perhaps more importantly, Frazier telephoned Carver and informed her that the EEOC "had accepted her employment discrimination charge as having been *filed on November 17, 1995.*" (Frazier Aff. ¶ 5 (emphasis added).) Thereafter, Carver's charge was perfected and filed with the EEOC on December 26, 1995. Carver, therefore, had no reason to doubt that her charge was filed in a timely manner.

The Court is mindful that had Carver used more diligence and foresight in her efforts, the current motion for summary judgment and opposition thereto would be unnecessary. The reasons why Carver waited until the "eleventh hour" to attempt to contact the EEOC and to file her administrative charge are irrelevant. Carver filed an effective charge through her agent on November 17, 1995, and the perfected charge of December 26, 1 995, related back to the date of Smith's memorandum. The purpose of filing deadlines is obvious and the Court is not at

liberty to punish any litigant for waiting to file an action *until* that action is filed in an untimely manner. The EEOC has implemented flexible regulations that cover factual scenarios such as the one involved and the Court is required to interpret those regulations liberally. Accordingly, Walker has failed to meet its burden for summary judgment on this issue.

### CONCLUSION

The Court carefully has considered the respective positions of the parties in this case. For the foregoing reasons, Walker's Motion for Summary Judgment is **DENIED**.

---

F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. Thus, *EEOC v. Mississippi College* has precedential weight.